IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER DENYING MOTION FOR RETURN OF PROPERTY

**Blackburn, J.**

The matter comes before me on the **Motion For Return of Property, or Alternatively a Stay on Seizure Proceedings Pending The Outcome of Trial Proceedings** [#406][1] filed January 31, 2012, by the defendant, Richard Kellogg Armstrong. I deny the motion.

Mr. Armstrong is proceeding *pro se*. Thus, I continue to construe his papers liberally. ***See Erickson v. Pardus***, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

A motion for return of property under Fed, R, Crim. P. 41(g) is not the proper legal mechanism to effect the return of property that is pending forfeiture in a criminal or civil forfeiture proceeding. *See United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). Additionally, unlike Mr. Armstrong, Fed. R. Crim. P. 41(g) provides an equitable remedy available only to a defendant who does not have an adequate remedy at law. *See Frazee v. I.R.S.*, 947 F.2d 448, 449 (10th cir. 1991); and *United States v. Floyd*, 860 F.2d 999, 1003-1004 (10th Cir. 1988). Mr. Armstrong has an adequate remedy at law to challenge the forfeiture in both this criminal case

---

[1] "[#406]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

and in the corresponding civil case, 10-cv-1073-MSK-MEH.

Moreover, contrary to the assertion of Mr. Armstrong, the government has pled sufficient facts in support of its claim that the Beech Aircraft is subject to forfeiture, and it may, therefore seize the Beech Aircraft pending litigation. *See* 10-cv-1073-MSK-MEH docket entry 28; Supplemental Rule for Maritime and Asset Forfeiture Claims G(4)(a)(iv)(C). The seizure of the aircraft was authorized by the court through a Warrant for Arrest of Property In Rem. *See* 10-cv-1073-MSK-MEH docket entry 29. Accordingly, the government is not required to prove that Mr. Armstrong is guilty of a crime before it may seize property it alleges is subject to forfeiture because it is traceable to proceeds of the related criminal conduct.

Finally, Mr. Armstrong is not entitled to a stay in this criminal case because forfeiture is not addressed until after an adjudication of guilt. A stay has been granted in the corresponding civil case. *See* 10-cv-1073-MSK-MEH docket entries 57 and 103.

**THEREFORE, IT IS ORDERED** that the **Motion For Return of Property, or Alternatively a Stay on Seizure Proceedings Pending The Outcome of Trial Proceedings** [#406] filed January 31, 2012, by the defendant, Richard Kellogg Armstrong, is **DENIED**.[2]

Dated February 21, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[2] In further support of my ruling, I approve, adopt, and incorporate the uncontested facts presented, reasons stated, arguments advanced, and authorities cited by the government in its response [#414] filed February 17, 2012.