**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CURTIS L. MORRIS,

    Defendant.

## ORDER STRIKING UNAUTHORIZED PRO SE NOTICES

**Blackburn, J.**

The matter is before me *sua sponte* concerning the latest in an unmitigated series of unauthorized notices docketed as [#430][1], [#432], and [#434] filed pro se by defendant, Curtis L. Morris, on and between March 19 and 20, 2012.[2] Consistent with my orders entered beginning August 23, 2011, I strike these latest unauthorized and contumacious notices.

The **NOTICE Notice Conditional Acceptance of Attorney** [#430] and the **NOTICE Notice Conditional Acceptance of Attorney** [#434] are addressed and directed to Ms. Wayne, who is counsel for Mr. Morris. *See* Notice [#430] at 1 and Notice

---

[1] "[#430]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Mr. Morris also filed a **NOTICE** [#429] on March 16, 2012, and a **NOTICE** [#433] on March 20, 2012. Although it is less than clear, these notices could be construed as responses to the **Order To Show Cause** [#422] entered March 5, 2012, and the **Order To Show Cause** [#423] entered March 6, 2012. Thus, in an effort to give Mr. Morris the benefit of the doubt, I will construe his notices [#429] and [#433] as responses to the orders to show cause [#422] and [#423]. However, even when considered as responses to the orders to show cause, the gibberish recited by Mr. Morris does not provide a factual or legal basis to discharge either order to show cause.

[#434-1] at 1. These notices are neither required by law nor authorized by this court. It is both highly unusual and improper for a litigant to communicate with his attorney via such papers. The putative notices provide confusingly: "Notice is hereby given that you are either terminated as of 7 December 2011 *nunc pro tunc* or the Undersigned [Curtis L. Morris] conditionally accepts your offer as Public Defender to represent Defendant, CURTIS L.,MORRIS, in Case No. 1:10-cr-00317-REB . . . ." *See id.* The notices go on to state two conditions, *see id.* at 1, ¶ 1, and 2, ¶ 2, neither of which is a proper or required condition precedent to the continuing representation of Mr. Morris by Ms. Wayne. Charitably, the notices may be described as gibberish.

The **NOTICE of Default in Dishonor Consent to Judgment** [#432] is ostensibly directed to a respondent identified as the "Chief Financial Officer" in care of the court. *See* Notice [#432-1] at 1. This notice is neither required by law nor authorized by this court. The matters addressed in this putative notice are factually and legally irrelevant to the substantive criminal charges and the ancillary contempt proceedings.

As I held in my **Order** [#272] entered August 23, 2011, and repeated in my **Order** [#277] entered August 30, 2011, and rehearsed in my **Order** [#313] entered September 29, 2011, and reiterated in my **Order** [#317] entered October 3, 2011, and perseverated in my **Order** [#327] entered October 18, 2011, and asseverated in my **Order** [#332] entered October 19, 2011, homologated in my **Order** [#352] entered November 8, 2011, and emphasized in my **Order Striking Unauthorized Pro Se Notice** [#419] entered March 1, 2012, and replicated in my **Order Striking Unauthorized Pro Se Notices** [#423] entered March 6, 2012, when a defendant is represented by counsel, as Mr.

Morris is, this court will not accept pro se filings from that defendant. Such pro se filings are improper, whether in the form of a notice, a motion, or otherwise. ***See United States v. Nichols***, 374 F.3d 959, 964 n.2 (10th Cir. 2004) (citing ***United States v. Guadalupe***, 979 F.2d 790, 795 (10th Cir. 1992)), reviewed on other grounds, 125 S.Ct. 1082 (2005).

Additionally, beginning with my **Order** [#277] entered August 30, 2011, I provided expressly,

> That subject to the penalties for contempt of court, including, but not limited to incarceration and/or the payment of fines, costs, and/or attorney fees the defendant, Curtis L. Morris, is **ENJOINED** and **RESTRAINED** from filing or attempting to file papers in this action other than by or through his attorney of record.

Order [#277] at 2, ¶ 3. (Emphasis in original).

In my **Order** [#317] entered October 3, 2011, I again provided expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#317] at 2, ¶ 2. (Emphasis in original).

Furthermore, in my **Order** [#327] entered October 18, 2011, I again provided expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#327] at 2, ¶ 2. (Emphasis in original).

Once again, in my **Order** [#332] entered October 19, 2011, I again provided

3

expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#332] at 2, ¶ 2. (Emphasis in original).

Yet again, in my **Order** [#352] entered November 8, 2011, I again provided

expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#352] at 3, ¶ 2. (Emphasis in original).

Moreover, in my **Order Striking Unauthorized Pro Se Notice** [#419] entered

March 1, 2012, I again provided expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#419] at 3, ¶ 2. (Emphasis in original).

Finally, in my **Order Striking Unauthorized Pro Se Notices** [#423] entered

March 6, 2012, I again provided expressly,

> That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing papers in any form in this action without the advance permission of this court.

Order [#423] at 4, ¶ 2. (Emphasis in original).

Accordingly, the filing of these latest, three, unauthorized notices appear to

constitute blatant violations of my orders [#277], [#317], [#327], [#332], [#352], [#419], and [#423]. In turn, the filing of these latest unauthorized notices in violation of my orders constitutes a series of additional and continuing contempts of court. Thus, at my earliest convenience I will issue yet another order to show cause should issue requiring Mr. Morris to show cause why he should not be held in contempt of this court and punished accordingly for the filing of these latest unauthorized papers subsequent to the issuance of my **Order To Show Cause** [#424] on March 6, 2012.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That the unauthorized **NOTICE** [#430] filed pro se by defendant, Curtis L. Morris, on March 19, 2012, is **STRICKEN**;

    2. That the unauthorized **NOTICE** [#432] filed pro se by defendant, Curtis L. Morris, on March 19, 2012, is **STRICKEN**;

    3. That the unauthorized **NOTICE** [#434] filed pro se by defendant, Curtis L. Morris, on March 20, 2012, is **STRICKEN**; and

    4. That subject to the penalties for contempt of court, as long as the defendant, Curtis L. Morris, is represented in this action by an attorney, he is **ENJOINED** and **RESTRAINED** from filing or attempting to file papers in any form in this action without the advance permission of this court.

    Dated March 21, 2012, at Denver, Colorado.

                                              **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge