IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CRIMINAL ACTION NO. 10-cr-00317-REB

UNITED STATES OF AMERICA

    Plaintiff,

v.

**1. Curtis L. Morris,** and
2. Richard Kellogg Armstrong,

    Defendants.

---

**DEFENDANT MORRIS' MOTION FOR HEARING TO DETERMINE
MENTAL COMPETENCY PRIOR TO TRIAL**

---

Undersigned counsel, Lisa M. Wayne, moves this Court, pursuant to 18 U.S.C. § 4241, to schedule a hearing to determine Defendant Curtis L. Morris' mental competency to proceed, and as ground states:

Consistent with Supreme Court case law, "[i]t is well established that the Due Process Clause of the Fourteenth Amendment prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California,* 505 U.S. 437, 439, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) (citing *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)). In fact, "the right not to stand trial while incompetent is sufficiently important to merit protection even if the defendant has failed to make a timely request

1

for a competency determination." *Cooper v. Oklahoma,* 517 U.S. 348, 354 n. 4, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996).

In support of this Motion, counsel provides the Court with the following:

**<u>Background:</u>**

1. On June 18, 2010, undersigned counsel was appointed to represent the Defendant, Curtis L. Morris (See Docket #20).1

2. On June 21, 2010, an unsecured bond was granted to Mr. Morris and he was released on pretrial supervision. (See Doc. #s 28 & 29).

3. Mr. Morris, along with the Co-defendant Richard Armstrong, was set for a first trial setting on August 23, 2010 (See Doc. #33).

4. On July 7, 2010, a joint motion to declare case complex and to exclude time within which the trial for the offenses charged in the indictment must commence pursuant to 18 U.S.C. 3161(h) was filed. (See Doc. #36).

5. On September 22, 2010, the Court granted the joint motion to declare the case complex and to exclude time within which the trial for the offenses charged in the indictment must commence pursuant to 18 U.S.C. 3161(h) (See Doc. #77).

6. On February 15, 2011, the government filed a superseding indictment (See Doc. #140).

7. On August 23, 2011, this court entered an Order rejecting any pro se filings by this defendant while being represented by counsel. (See Doc. #272).

8. On August 30, 2011, this court entered another Order directing that Mr. Morris be enjoined and restrained from filing or attempting to file papers in this action

2

other than by or through his attorney of record. (See Doc. #277).

9. On September 8, 2011, undersigned counsel filed the First Motion to Withdraw. (See Doc. #287). A hearing on the motion was held on September 21, 2011 and the court denied undersigned counsel's request to withdraw. (See Doc. #302). Prior to the hearing on undersigned counsel's request to withdraw, Mr. Morris filed a paper titled NOTICE of Acceptance of Withdrawal Conditional Acceptance of Additional Court Appointed Counsel (See Doc. #299).

10. On September 26, 2011, Mr. Morris filed a paper titled STRICKEN NOTICE of Tender for Setoff. (See Doc. #308).

11. On October 3, 2011, Mr. Morris filed a paper titled STRICKEN NOTICE Forgive me Notice and Notice of Error on Notice to Court Appointed Counsel of the Notice of Taking for Value of Public Offer for Discharge of Defendant Curtis L. Morris (See Doc. #316).

12. On October 13, 2011, Mr. Morris filed a paper titled STRICKEN Second NOTICE of Taking for Value of Public Offer for Discharge of Defendant Curtis L. Morris (See Doc. #322).

13. On October 14, 2011, Mr. Morris filed a paper titled STRICKEN NOTICE Conditional Acceptance of Hearing Scheduled for 18 October 2011 (See Doc. #323).

14. On October 17, 2011, Mr. Morris filed a paper titled STRICKEN NOTICE Conditional Acceptance of Lisa M. Wayne Letter Mailed and Emailed October 14, 2011. (See Doc. #325).

15. On October 18, 2011, at a scheduled status hearing, this court ordered an

---

1 Hereinafter referenced as (Doc.).

arrest warrant for Mr. Morris, who was immediately taken into custody at the courthouse. Mr. Morris had been on bond for 16 months prior to his arrest. (See Doc. #333).

16. On October 26, 2011, a bond revocation hearing was held in front of the Honorable Magistrate Shaffer. Bond was revoked and Mr. Morris was ordered detained and remanded. (See Doc. #340). No further requests for modification of bond have been made on behalf of Mr. Morris, mainly due to his inability to communicate with his counsel.

17. On November 1, 2011, Mr. Morris filed a paper titled STRICKEN: NOTICE of Conditional Acceptance of Bond Revocation Hearing (See Doc. #345), and STRICKEN: NOTICE of Private Bail Bond (See Doc. #346).

18. On November 8, 2011, this Court issued another Order directing Mr. Morris be enjoined and restrained from filing or attempting to file papers in any form in this action without advance permission of this court. (See Doc. #352).

19. On February 23, 2012, Mr. Morris filed paperwork titled STRICKEN: NOTICE of Tender for Setoff and Request Regarding a Statement of Account (See Doc. #416).

20. On March 1, 2012, the court again ordered that Mr. Morris be ENJOINED and RESTRAINED from filing or attempting to file papers in any form in this action without the advance permission of this court. (See Doc. #419).

21. On March 5, 2012, Mr. Morris filed papers titled STRICKEN: NOTICE of Fault- Opportunity to Cure "Final Expression in a Record", and STRICKEN: NOTICE (2nd) of Fault- Opportunity to Cure "Final Expression in a Record" (See Doc. #s 420

4

and 421).

22. On March 16, 2012, Mr. Morris filed paperwork title Notice. (See Doc. #429).

23. On March 19, 2012, Mr. Morris filed paperwork titled Stricken Notice (See Doc. #430), and STRICKEN NOTICE Of Default In Dishonor (See Doc. #432)

24. On March 20, 2012, Mr. Morris filed paperwork titled NOTICE Forgive Me Request And Constructive Notice of Conditional Acceptance (See Doc. #433), and STRICKEN NOTICE Conditional Acceptance of Attorney. (See Doc. #434).

25. As a result of numerous unauthorized filings of paperwork alleged to have been filed by Mr. Morris, this Court has issued a number of show cause hearings. (See Doc. #s 377, 422, 424, 435 and 436).

26. On March 14, 2012, subsequent to hearings held on this defendant's motions (See Doc. #s 227 and 230), undersigned counsel conferred with the government regarding any potential resolution of the charges against Mr. Morris. The government conveyed an offer to undersigned counsel on March 19, 2012 with a deadline acceptance of March 23, 2012.

27. On March 23, 2012, undersigned counsel notified the government by email that she was unable to communicate whether Mr. Morris had rejected or accepted the offer based on her contact with Mr. Morris.

28. On March 14, 2012, Mr. Morris appeared in custody. Undersigned counsel advised the court of her observation in Court that Mr. Morris had what appeared to be a "black eye" and that Mr. Morris was not communicating with undersigned counsel about anything, and specifically his condition.

29. On March 14, 2012, after the completion of the motions hearing undersigned counsel went to the U.S. Marshall holding cell at the United States District courthouse to attempt to confer with her client. A Marshall's informed undersigned counsel that Mr. Morris was unable to see her at this time.

30. On March 20, 2012, undersigned counsel attempted a jail visit with Mr. Morris at the Denver county jail. During the course of the visit the communication deteriorated to the point that the visit was terminated by counsel.

31. On March 22, 2012, two days later, undersigned counsel requested that Mr. DiVirgilio, the assigned investigator to Mr. Morris' case, accompany undersigned counsel to the jail in an attempt to again communicate with Mr. Morris. Both undersigned counsel and Mr. DiVirgilio attempted to communicate about the offer, counsel's advice as to the offer, and attempt to find out Mr. Morris' understanding of the offer opposed to a conviction at a trial. Again, Mr. Morris deteriorated quickly in his inability to communicate, and appeared to struggle with words and to complete his thoughts.

**ARGUMENT IN SUPPORT OF A COMPETENCY EVALUATION**

The pending indictment presents both complex factual and legal issues. The ability to communicate with a client in any case is paramount to effective representation, but even more crucial in a criminal matter where one's liberty is at stake.

The statute requires the Court to grant this motion if there is reasonable cause to believe that the defendant is mentally incompetent to proceed.

**Motion To Determine Competency of Defendant**

At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a).

Undersigned counsel submits that her ongoing inability to communicate with her client since September of 2011, coupled with his more recent appearance in court, at the jail, and his inability to respond to a decision about the acceptance or rejection of an offer on his case leaves counsel in the unenviable position of attempting to determine whether Mr. Morris is able to appreciate the nature and consequences of the proceedings against him.

Undersigned counsel has represented numerous criminal clients who suffer from mental health issues. Despite undersigned counsel's experience she is unable to determine from this ongoing irrational behavior and complete lack of communication whether Mr. Morris is able to appreciate the nature and consequences of the proceedings against him by his inability to respond to the offer in this case, or assist in any other meaningful way with the fashioning of a defense, and that given the complete void of ongoing communication that Mr. Morris can assist properly in his

7

defense at trial.

The numerous papers filed by Mr. Morris[2] indicate an obsessive, repetitive and nonsensical pattern of statements, but of greater concern are the more recent papers suggesting an internal struggle with his attempts to comply with court orders and the inability to control his behavior or understand it.

Undersigned counsel is not in a position to second guess what is going on with her client, thus forcing her to make this request for a mental health examination prior to trial. The Supreme Court has held that a hearing is required where the evidence before the trial judge raises a "bona fide doubt" as to a defendant's competence. *See Porter v. McKaskle,* 466 U.S. 984, 985–86, 104 S.Ct. 2367, 80 L.Ed.2d 838 (1984) (Marshall, J., dissenting) ("It is settled that, if evidence available to a trial judge raises a bona fide doubt regarding a defendant's ability to understand and participate in the proceedings against him, the judge has an obligation to order an examination to assess his competency, even if the defendant does not request such an exam.") (citing *Drope \*125* and *Pate); Drope,* 420 U.S. at 172–73, 95 S.Ct. 896 (stating that the *Pate* Court "noted that under the Illinois statute a hearing was required where the evidence raised a 'bona fide doubt' as to a defendant's competence"); *United States v. Newman,* 733 F.2d 1395, 1400 (10th Cir.1984) ("A trial court must order a hearing to determine the defendant's competency if information comes to the trial court's attention that raises a bona fide doubt about the defendant's competency to stand trial." (citing *Pate,* 383 U.S. at 385, 86 S.Ct. 836)).

Respectfully submitted this 3rd day of April 2012.

---

2 By indicating Mr. Morris "filed the paperwork" is language adopted solely to reference the appropriate designation noted on the docket.

Respectfully submitted,

*s/ Lisa M. Wayne*
_____
Lisa Monet Wayne, Esq.
1775 Sherman Street, Suite 1650
Denver, CO 80203
(303) 860-1661
Attorney for Curtis L. Morris

## CERTIFICATE OF SERVICE

I hereby certify that I have this 3rd day of April, 2012; I electronically filed the foregoing **DEFENDANT MORRIS' MOTION FOR HEARING TO DETERMINE MENTAL COMPETENCY PRIOR TO TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

Kenneth Mark Harmon, Esq.
David Owen, Esq.

and via U.S. Mail, postage prepaid, on April 4, 2012 upon:

Richard Kellogg Armstrong
#20413-298
9595 Quincy Avenue
Federal Detention Center
Englewood, CO 80123

Curtis Morris
#748356
Denver County Jail
P.O. Box 1108
Denver, CO 80201

*s/ Wendy S. Anderson*
Wendy S. Anderson