IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Criminal Case No. 10-cr-00317-REB-02

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

    Defendant.

## ORDER STRIKING DEFENDANT'S NOTICES

**Blackburn, J.**

The matter is before me on the following: (1) the **NOTICE Notice of Tender for Setoff** [#455]; (2) **NOTICE Notice of Tender for Setoff And Request Regarding a Statement of Account** [#456]; (3) the **NOTICE Notice Conditional Acceptance of Attorney** [#457]; and (4) the **NOTICE Notice Conditional Acceptance of Attorney** [#458]. All four of these unauthorized notices were filed on April 3, 2012, by defendant, Richard Kellogg Armstrong.[1] I strike the notices.

At least as early as the proceedings on April 7, 2011, I admonished and instructed Mr. Armstrong, to cease and desist from filing notices in lieu of motions. I reiterated this requirement in the order I entered on May 17, 2011, in the order I entered

---

[1] As I have done assiduously during the time that Mr. Armstrong has represented himself, I construe his papers liberally. *See* **Erickson v. Pardus**, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)). However, these notices are legally feckless. None raises any substantive issue of any legal import. Try as I may, I can not torture either of his notices [#457] and/or [#458] enough to recharacterize them as motions for the appointment of counsel.

June 10, 2011, in the order I entered November 28, 2011, and in the order I entered January 12, 2012. See Order [#235] at 6-7, ¶ 3.a.; Order [#251] at 4-5, ¶ 7; Order [364] at 2, ¶ 2.a.; and Order [395] at 3, ¶ 4.a. Notwithstanding, Mr. Armstrong filed the four "notices" described above. Thus, his notices will be stricken as violative of my oral and written orders.

Additionally, I will issue a separate, second Order To Show Cause, requiring Mr. Armstrong to show cause in writing by a date certain why he should not be found guilty of contempt of court and punished accordingly.[2] Finally, I will reiterate and asseverate my orders that Mr. Armstrong cease and desist from filing notices in lieu of motions and that he not file any additional pretrial motions or papers without advance leave of this court.

**THEREFORE, IT IS ORDERED** as follows:

1. That the unauthorized **NOTICE Notice of Tender for Setoff** [#455] filed April 3, 2012, is **STRICKEN**;

2. That the unauthorized **NOTICE Notice of Tender for Setoff And Request Regarding a Statement of Account** [#456] filed April 3, 2012, is **STRICKEN**;

3. That the unauthorized **NOTICE Notice Conditional Acceptance of Attorney** [#457] filed April 3, 2012, is **STRICKEN**;

4. That the unauthorized **NOTICE Notice Conditional Acceptance of Attorney** [#458] filed April 3, 2012, is **STRICKEN**; and

5. That once again the defendant, Richard Kellogg Armstrong, subject to the

---

[2] I entered the first **Order To Show Cause** [#378] on December 16, 2011.

2

penalties for contempt of court[3]:

      a.    shall not file any paper as a "notice" (as opposed to and distinguished from a "motion") without advance leave of the court; and

      b.    shall not file any pretrial motion or other paper without advance leave of the court.[4]

Dated April 5, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] I rehearsed those penalties for Mr. Armstrong in the **Order To Show Cause** [#378] entered December 16, 2011, and during the contempt advisement proceedings I conducted on January 24, 2012. *See* **Courtroom Minutes** [#404] at 4.

[4] This order does not prohibit or enjoin Mr. Armstrong from filing a motion seeking leave of the court to file a motion or other paper in this case.