**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  10-cr-00317-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

2. RICHARD KELLOGG ARMSTRONG,

     Defendant.

_____

## ORDER OF CONTEMPT
_____

**Blackburn, J.**

     This order is entered pursuant to Fed. R. Crim. P. 42(b) to certify, confirm,

reiterate, expatiate, and supplement the findings of fact, conclusions of law, and orders

of contempt (with sanctions) entered summarily by the court during trial (outside the

presence of the jury) on April 17, 18, 19, and 23, 2012, against the defendant, Richard

Kellogg Armstrong, as punishment for the nine, additional,[1] separate criminal contempts

committed by him in the presence of the court.

     Beginning on April 16, 2012, the court entered, reiterated, and asseverated

orders requiring Mr. Armstrong to respond, if at all, directly, relevantly, and responsively

with a simple yes or no to the simple and direct questions of the court. These orders

essentially required Mr. Armstrong to respond, if at all, to the questions of the court

---

[1] I say "additional" because Mr. Armstrong committed his first contempt on April 16, 2012, for which he was sanctioned by the imposition of a fine of $500. *See* **Order of Contempt** [#484] entered April 17, 2012.

concerning the admission of exhibits, the examination of witnesses, and the release of witnesses directly and relevantly, subject to the penalties for contempt of court, including, but not necessarily limited to, the imposition of fines and terms of incarceration.

Notwithstanding the entry of its admonitions and orders, during trial on April 17, 18, 19, and 23, 2012, Mr. Armstrong violated the lawful orders of this court when he, in response to the simple and direct questions of the court, responded with statements that were unresponsive, irrelevant, and disruptive. The court found each of these responses to be in violation of the orders of the court that Mr. Armstrong respond directly and relevantly with a simple yes or no to the questions of the court that could and should be answered with a simple yes or no.  Accordingly, on each such occasion, the court removed the jury from the courtroom and entered findings of fact, conclusions of law, and orders in the nature of contempt.

In responding to each of these additional acts of contempt, which were each committed in the presence of the court, the court exercised its authority under 18 U.S.C. § 401 and Fed. R. Crim. P. 42(b) to summarily punish criminal contempt committed in the presence of the court to vindicate the dignity and authority of the court and to require Mr. Armstrong to conform his conduct to the lawful orders of the court. On each occasion, the contemptuous conduct implicated 18 U.S.C. § 401(1) and (3).

**THEREFORE, IT IS ORDERED** as follows:

1. That for his contumacious conduct on April 17, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a second contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard

Kellogg Armstrong shall pay to the clerk of the court the sum of $1,000.00 by April 18, 2012;

2. That for his continuing and additional contumacious conduct on April 17, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a third contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $4,000.00 by April 18, 2012, and shall be incarcerated for a term of 10 days;

3. That for his contumacious conduct on April 18, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a fourth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $8,000.00 by April 19, 2012, and shall be incarcerated for a term of 20 days;

4. That for his contumacious conduct on April 19, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a fifth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $16,000.00 by April 20, 2012, and shall be incarcerated for a term of 30 days;

5. That for his continuing and additional contumacious conduct on April 19, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a sixth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $32,000.00 by April 20, 2012, and shall be incarcerated for a term of 60 days;

6. That for his continuing and additional contumacious conduct on April 19,

2012, the defendant, Richard Kellogg Armstrong, is found guilty of a seventh contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $64,000.00 by April 20, 2012, and shall be incarcerated for a term of 90 days;

7.  That for his continuing and additional contumacious conduct on April 19, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of an eighth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $128,000.00 by April 20, 2012, and shall be incarcerated for a term of 120 days;

8.  That for his contumacious conduct on April 23, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a ninth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $256,000.00 by April 24, 2012, and shall be incarcerated for a term of 150 days;

9.  That for his continuing and additional contumacious conduct on April 23, 2012, the defendant, Richard Kellogg Armstrong, is found guilty of a tenth contempt of court; provided, furthermore, that as a punitive sanction to vindicate the authority and dignity of the court, Richard Kellogg Armstrong shall pay to the clerk of the court the sum of $512,000.00 by April 24, 2012, and shall be incarcerated for a term of 180 days; and

10.  That each sanction, i.e., each fine and each term of incarceration, imposed for each of the individual, 10 acts of contempt is imposed cumulatively and consecutively; that is, in addition to any fine imposed previously and in addition to any

term of incarceration imposed previously and in addition to any time in presentence

confinement and in addition to any sentences to imprisonment imposed on conviction

for the crimes charged in the Superseding Indictment.[2]

Done in chambers May 1, 2012, pursuant to Fed. R. Crim. P. 42(b), to certify,

confirm, reiterate, expatiate, and supplement the findings of fact, conclusions of law,

and orders of contempt entered summarily by the court during trial on April 17, 18, 19,

and 23, 2012.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] By my count Mr. Armstrong is now subject to fines totaling $1,021,500 and terms of incarceration totaling 660 days.