# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 10-cr-00317-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CURTIS L. MORRIS,

    Defendant.

## ORDER DENYING DEFENDANT MORRIS' OBJECTION TO GOVERNMENT'S CLOSING ARGUMENT AND REQUEST FOR MISTRIAL OR IN THE ALTERNATIVE A CURATIVE INSTRUCTION

**Blackburn, J.**

The matter before me is **Defendant Morris'** [*sic*] **Objection to Government's Closing Argument and Request for Mistrial or in the Alternative a Curative Instruction** [#505][1] filed April 30, 2012. Because the jury returned its verdicts before the motion could be resolved, I deny the motion for a curative instruction as moot and construe the motion for a mistrial as a motion for new trial. Thus construed, I deny the motion and vacate the extant hearing.

This case was tried to a jury on April 9-26, 2012. During closing argument, the government sought to address Mr. Morris's good faith defense in its rebuttal:

> If they [Mr. Morris and the clients who testified to their belief that he believed in good faith in the validity of the returns he filed] think at the end of the day they have good faith, it's the

---

[1] "[#505]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> good faith that's simply the product of desperation and compartmentalization.
>
> If they get the money . . ., they rationalize it and say, you know what? I am owed that money. Just like that case, in this case, if they get the money from the man, they say, you know, it's the IRS. They're a big organization. It's their mistake. They should go after the banks anyway. So they rationalize it that way. They say to themselves, all I did was got one over on the man.
>
> Well, ladies and gentlemen of the jury, the man is you. The man is you. The man is me. The man is all of us. And what these people are doing at the end of the day is trying to get one over on us.
>
> I ask you at this point don't let them do it again. Hold them criminally accountable by doing the only thing you can in this case, speaking with one voice and returning an indictment [*sic*] holding these defendants accountable.

Neither defendant objected to the government's remarks. Nevertheless, Mr. Morris now claims that the government's statements constituted an improper "naked appeal to the personal interests of the jury – in essence that each juror was a direct victim of the alleged criminal conduct." (**Motion** at 1 [#505] filed April 30, 2012.)

The standard for granting a new trial in a criminal case is set forth in Fed. R. Crim. P. 33, which provides that a new trial may be granted "if the interest of justice so requires." **FED. R. CRIM. P.** 33(a). Nevertheless, "a motion for a new trial is not regarded with favor and is only issued with great caution." ***United States v. Herrera***, 481 F.3d 1266, 1269-70 (10th Cir. 2007). In addition, where, as here, no contemporaneous objection was made, the jury's verdict should be set aside only if admission of the statements constituted plain error, that is,"*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have

been done." ***United States v. Harlow***, 444 F.3d 1255, 1261 (10th Cir. 2006) (emphasis in original).

Improper argument by government counsel may constitute a basis for granting a new trial if the arguments impaired the constitutional guarantee of the Due Process Clause to a fair trial. ***United States v. Black***, 369 F.3d 1171, 1177 (10th Cir.), ***cert. denied***, 125 S.Ct, 341 (2004); ***United States v. Gabaldon***, 91 F.3d 91, 93-94 (10th Cir. 1996). The court must determine both whether the comments in fact were improper and, if so, whether the error was harmless beyond a reasonable doubt. ***United States v. Pulido-Jacobo***, 377 F.3d 1124, 1134 (10th Cir.), ***cert. denied***, 125 S.Ct. 679 (2004). This latter inquiry is made within the context of the trial record as a whole, and the verdicts should not be overturned "unless the prosecutor's misconduct was enough to influence the jury to render a conviction on grounds beyond the admissible evidence presented." ***United States v. Espinoza***, 771 F.2d 1382, 1401 (10th Cir.), ***cert. denied***, 106 S.Ct. 579 (1985) (citation and internal quotation marks omitted).

I find and conclude that the government's comments here satisfy neither of these criteria. First, the remarks were not improper. Instead, they addressed with precision Mr. Morris's closing argument suggesting that the government prosecuted this case out of a sense of embarrassment or wounded pride with concomitant frustration and anger over its failure to more quickly identify the improper claims of Mr. Morris and his clients, referring in that context to the government's mismanagement of "our money." ***See United States v. Pirro***, 9 Fed. Appx. 45, 50 (2nd Cir. May 4, 2001) ("[T]he fact that [the prosecutor's] argument implies that jurors, as taxpayers, are harmed by the crimes at

3

issue does not render the argument improper."). Having interjected this idea into the proceedings, Mr. Morris hardly can be heard to complain when the government sought to rebut that contention. **See United States v. Fleming**, 667 F.3d 1098, (10th Cir. 2011) ("It is well established that prejudicial error does not result from the improper remarks made during closing argument when such remarks were provoked by opposing counsel.") (citation and internal quotation marks omitted).

Yet even if the remarks were improper, I find and conclude that their admission was harmless beyond a reasonable doubt. Such remarks did not constitute a lingering or central theme of the government's rebuttal argument, but instead were comparatively "singular and isolated." **See United States v. Pena**, 930 F.2d 1486, 1491 (10th Cir. 1991). Moreover, the jury was reminded on several occasions – before, during, and immediately subsequent to closing argument – that the arguments of counsel were not evidence. **Id.**; **see also United States v. Thompson**, 2006 WL 2925700 at *8 (D.C. Colo. Oct. 11, 2006). Finally, the evidence of Mr. Morris's guilt beyond these remarks can be described only as overwhelming, and the evidence supporting his good faith defense comparatively meager and unimpressive. **See Pulido-Jacobs**, 377 F.3d at 1134.

I therefore find and conclude that any error in the admission of the remarks was harmless beyond a reasonable doubt and therefore did not constitute plain error or otherwise merit a new trial

**THEREFORE IT IS ORDERED** as follows:

1. That **Defendant Morris' [*sic*] Objection to Government's Closing**

4

**Argument and Request for Mistrial or in the Alternative a Curative Instruction** [#505] filed April 30, 2012, is **DENIED IN PART** and **DENIED AS MOOT** in part as follows:

    a. That the motion for mistrial, construed as a motion for new trial, is **DENIED**; and

    b. That the motion for a curative instruction is **DENIED AS MOOT**; and

    2. That the hearing on the motion, currently scheduled for Thursday, May 10, 2012, at 1:30 p.m., is **VACATED**.

Dated May 9, 2012, at Denver, Colorado.

                                               **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge